EDMUND J. HUOTT and Others, Respondents, *v.* MATTHEW W. WOOD, Appellant.

Second Department, December 7, 1917.

**Motor vehicles — negligence — promise to compromise actions for injuries caused by collision of automobiles — principal and agent — when defendant without authority to promise release of action brought by other person — suit to compel specific performance of agreement to compromise — when plaintiffs not entitled to equitable relief.**

Where several persons, injured in a collision between automobiles, brought separate actions against the defendant, and the defendant's sister, through her own attorney, brought a counter action against one of the plaintiffs, the promise of the defendant to procure a release of his sister's action as part of the consideration for a settlement of all the actions was not an actionable promise, in the absence of fraud or bad faith. This, because the defendant, not being the authorized agent or attorney of his sister, had no power to bind her.

In a subsequent suit by the plaintiffs in the negligence actions brought to compel the defendant specifically to perform his agreement of compromise, it was error for the court to charge the defendant with liability for any sum his sister, who had refused to withdraw her action, might recover therein, there being no fraud or misrepresentation on the defendant's part.

In the circumstances the complaint in the suit in equity should be dismissed, for no grounds for equitable relief are shown, and especially so as the original negligence actions are still pending.

APPEAL by the defendant, Matthew W. Wood, from a judgment of the Supreme Court in favor of the plaintiffs, entered

in the office of the clerk of the county of Kings on the 19th day of June, 1917, upon the decision of the court after a trial at the Kings County Special Term in a suit for specific performance of a contract.

On November 2, 1915, the automobile of Gustav W. Neuman, one of the plaintiffs, collided with Wood's motor car. Each of the five plaintiffs brought a separate action against Wood; and Mrs. Hazel E. Borst, sister of defendant, through Mr. William M. Stockbridge, her attorney, brought a counter suit against Mr. Neuman. All actions were at issue.

When the trial of the first case had proceeded, and an adjournment had been had, a compromise by payment of $1,500 was discussed. To complete this compromise Mrs. Borst was to discontinue her separate suit, and give a general release. After telephoning from the court house to Mrs. Borst, appellant informed plaintiffs that he had met with some trouble, but that Mrs. Borst had said she would leave the matter entirely to him, and that he would have her release on on the following day. However, Mrs. Borst had a change of mind, and no release was ready the next day. Plaintiffs had the trial stopped by withdrawal of a juror. It appears that the causes were later restored to the trial calendar. On March thirty-first the plaintiffs brought this suit to require Wood to perform specifically his compromise agreement. The judgment therein directed Wood to pay the $1,500, and to deliver releases and discontinuances; if those by Mrs. Borst were not forthcoming, then Wood was also to pay any judgment recovered for her damages, or any payment to compromise Mrs. Borst's claims.

*Matthew W. Wood,* appellant, in person.

*Henry M. Dater* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondents.

PER CURIAM:

As defendant Wood was not the authorized agent or attorney of the plaintiff Mrs. Borst, his representation after his telephone communication with her that she would give a release and discontinuance to one of the plaintiffs, who knew that she had another attorney, was not actionable in the absence

Second Department, December, 1917.          [Vol. 180.

of fraud or bad faith. It appeared that Mrs. Borst afterwards declined to give any release. Her reasons are not brought out here, because she was not a party to this suit. Under the judgment requiring appellant to perform and consummate this oral agreement to compromise all the pending suits, and even matters not in suit, appellant Wood is made an indemnitor of one plaintiff against any cross-liability toward Mrs. Borst. Without fraud or misrepresentation, he should not be so held because a woman, not his client, changed her mind. *Varium et mutabile semper fœmina.* The circumstances do not show any proper basis for the equity decree, especially where the original actions for damages which were attempted to be compromised, have not been dropped, but are still pending.

JENKS, P. J., THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Findings as resettled, numbered IX, XII, XIII, XIV, are reversed and conclusions of law rescinded, and defendant's requests numbered 14 and 15 are found. Judgment reversed and complaint dismissed, but without costs of this appeal to either party.